Esther Fitzpatrick, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

## Gen. No. 15,085.

1. MASTER AND SERVANT—*safe place to work.* Regardless of the character of the work which the servant is required to perform, it is the duty of the master to exercise reasonable care to furnish him with a place reasonably safe to perform such work.

2. MASTER AND SERVANT—*what risks not assumed.* A servant is not chargeable with knowledge of a peril of which he has had no opportunity to inform himself.

3. PLEADING—*when averment of negligence not sustained.* The facts being stated from which it can be said' the law imposes a duty, a failure to perform that duty is negligence, for which damages are assessable for injuries incurred as a result of such negligence.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVA-

NAGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 2, 1910.

CALHOUN, LYFORD & SHEEAN, for appellant; JOHN G. DRENNAN, of counsel.

JOHN S. HUMMER and CHARLES A. McDONALD, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This action is brought under the statute by the plaintiff for the benefit of the next of kin of her intestate against defendant for negligence resulting in the death of the intestate. Two trials before juries each culminated in verdicts for $5,000, for which judgments have been entered in the trial court. The first judgment was affirmed by this court in an opinion found in 125 Ill. App. 247. The Supreme Court on further review reversed the judgment and ordered a new trial for the sole and only reason that the trial court gave an erroneous instruction defining the doctrine of assumption of risk of deceased in his employment by defendant at the time of sustaining fatal injuries. In all other respects the court of final review found the record without error. In the opinion of this court, voiced by Mr. Justice Adams, a full statement of the case appears, and we content ourselves by referring to it as a sufficient statement both of the facts and the law of the case, without again repeating them here.

The cause proceeded to trial on the same issues joined as at the first trial, the evidence being substantially the same on both sides, with the exception that at the trial now being reviewed some additional testimony on the question of contributory negligence claimed to be attributable to deceased as the cause of his death, was injected by defendant. The Supreme Court in its opinion *supra* say: ''Without entering into any discussion of the evidence, it is manifest from

the foregoing statement that the court did not err in refusing to direct a verdict for appellant,'' the defendant.   The court also said as to the assumption of risk, that ''it was a question to be determined by the jury, and appellant was entitled to have the question determined upon proper instructions.''

Whether deceased was chargeable with negligence which contributed to bring about the fatality was also for the jury to determine under appropriate instructions upon the law.   We find no reason to disagree with the instructions given to the jury on this branch of the case.   Going between the cars was, as we understand the evidence, not only necessary but customary in making a coupling with a Janney coupler. The fatal injury did not flow from this act, but from the negligent maintenance of a post supporting a leaning embankment so near the track as to cause the injury when deceased emerged from between the cars. Whatever may be argued concerning the ownership of the switch yard in which the accident happened, the duty cast upon defendant by law was to furnish a reasonably safe place for deceased to do his work, a reasonably safe place in which to do the work required of him.   The situation of the post made it an unsafe place and menaced deceased with a danger of the existence of which he was ignorant.   Its maintenance was negligence.   No contributory negligence is imputable to deceased from the evidence.   He was in that place for the first and only time.   He cannot consistently be chargeable with knowledge of the peril of which he had no opportunity to inform himself.   As said by Judge Adams in opinion *supra*: ''Having been sent by his employer to work in that place, he was not required to make an examination for defects, but had a right to act on the presumption that (defendant) appellant had exercised reasonable care in making the place where he was required to work safe''.   Knowledge of the dangerous condition is imputable to defendant from the fact that it had existed for some time,

and those employes of defendant who had at other times worked in the yard knew of the danger. No warning of this danger was given deceased, nor was he made aware in any manner by any person of the peril to be avoided and guarded against. It is contended that there is no averment of negligence in defendant's failing to warn deceased of the dangerous obstruction, and consequently there can be no recovery because deceased was not warned of the danger. The law does not require an averment of negligence in this regard. The facts being stated from which it can be said the law imposes a duty, a failure to perform that duty is negligence, for which damages are assessable for injuries incurred as a result of such negligence. As applied to this case the duty rested upon defendant not only to furnish deceased with a reasonably safe place in which to do the work for which he was employed, but to warn him of dangers to be encountered in the performance of such work, of which defendant had actual knowledge or knowledge of which was imputable to it. Defendant had actual knowledge of the dangerous condition which was the proximate cause of the death of deceased; it gave no warning or information thereof to deceased; and such in effect is the averment of the declaration. The danger was unknown to deceased, and from no fact in this record is knowledge of it imputable to him. On both of these points is the negligence of defendant established sufficiently to meet the averments of the declaration. The error in the instruction which resulted in reversing the first judgment was avoided upon the last trial. We have with diligence examined the several instructions complained about, and do not announced as to justify a reversal of the judgment, which is in every respect meritorious. Nor do we find any instruction proposed and refused which contains any vital principle of law not embodied in instructions given, necessary to enable the jury to solve the facts in accord with the law, or that the giving of either

of such refused instructions would have authorized the jury in arriving at a different verdict.

The trial was in all respects conformable to legal precedent. The result doing justice between the parties, the judgment of the Superior Court is affirmed.

*Affirmed.*